**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4623**

———————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

  versus

TERRY LEE WILLIAMS,

          Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Henry M. Herlong, Jr., District Judge.  (7:05-cr-01003-HMH-3)

———————

Submitted:  October 27, 2006   Decided:  January 11, 2007

———————

Before MICHAEL, WILLIAMS, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Janis Richardson Hall, Greenville, South Carolina, for Appellant. Regan Alexandra Pendleton, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terry Lee Williams appeals from his conviction and 118-month sentence entered after his guilty plea to conspiracy to distribute and to possess with intent to distribute cocaine. On appeal, Williams' attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), finding no meritorious issues for appeal but discussing the adequacy of the Fed. R. Crim. P. 11 colloquy. Williams was informed of his right to file a pro se supplemental brief, and he has filed a letter stating that he "got too much time" and questioning the presentence report's ("PSR") determinations as to the "part I play" and "the amount of drug." After a close review of the record, we affirm.

Because Williams did not move in district court to withdraw his guilty plea, we review his challenge to the adequacy of the Rule 11 hearing for plain error. See United States v. Martinez, 277 F.3d 517, 524-25 (4th Cir. 2002). Prior to accepting a guilty plea, the trial court must ensure the defendant understands the nature of the charges against him, the mandatory minimum and maximum sentences, and various other rights, so it is clear that the defendant is knowingly and voluntarily entering his plea. The court must also determine whether there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(1), (3); United States v. DeFusco, 949 F.2d 114, 116, 120 (4th Cir. 1991). Counsel does not specify any deficiencies in the Rule 11 inquiry, and our

- 2 -

review of the plea hearing transcript reveals that the district court conducted a thorough Rule 11 colloquy that assured that Williams' plea was both knowing and voluntary.

As discussed above, Williams appears to challenge the district court's factual findings regarding drug quantity and leadership role. However, there were no objections at sentencing. Without an affirmative showing by the defendant that information in the PSR is inaccurate, the district court is free to adopt the PSR's findings without more specific inquiry or explanation. United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). On appeal, Williams offers no indication, beyond his conclusory allegations, that the PSR was incorrect. Thus, the district court did not err in adopting the PSR.

This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED